ESTEBAN DÍAZ, Complainant and Appellee, *v.* EFIGENIO CHARNECO, Respondent and Appellant.

No. 4.   Argued April 8, 1935.—Decided May 29, 1935.

*Juan B. Soto* for appellant.   *Leopoldo Tormes García* for appellee. *Luis A. Rosario* for the Municipal Assembly.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a proceeding for the removal of a mayor, brought under the provisions of section 29 of the Municipal Law of

1928, as amended by Act No. 98 of 1931 (Session Laws, page 608).

Esteban Díaz, a citizen, filed charges against Efigenio Charneco, Mayor of Aguada, before the municipal assembly of that town on February 9, 1935. At a special meeting of the assembly called by the chairman for the 12th, it was resolved to take jurisdiction in the matter, to suspend the mayor from office and pay, to order that he be given notice of the charges and granted until the 19th to answer the same, and to set a hearing for that day.

The mayor asked for an extension, and he was given five days, the hearing being set for the 25th. The defendant demurred and answered the complaint, and at the meeting of the assembly on February 25th last, both the complainant and the mayor appeared in person and by counsel. Oral and documentary evidence was introduced. The proceedings, including the evidence, were reported by a stenographer.

At the conclusion of the hearing the assembly appointed a committee composed of three of its members to make a report upon the evidence and the questions raised, and, following the report of the committee, the assembly found that the charges had been satisfactorily proved, declared the mayor guilty of unlawful and immoral conduct, and finally removed him from his office.

Feeling aggrieved by that decision, the mayor appealed to this Supreme Court, giving notice to the municipal assembly of the appeal on March 6 last. The court immediately ordered the assembly to send up within five days the record containing the entire proceedings. This term was extended to March 18, and on the 13th the assembly filed a certified record containing some 140 pages.

The appellant's brief was filed on April 3, and complainant's on the 5th. The assembly filed its brief on the 8th, upon which day a hearing was had on the appeal at which the appellant, the complainant, and the assembly appeared by their respective counsel. The appellant objected to the

intervention of the complainant, and the court dismissed the objection. The case was thus finally submitted to the court for consideration and decision.

The appellant maintains that his demurrer was erroneously overruled and that the final decision of the assembly is not justified by the evidence, is contrary to law, and shows passion, prejudice, and partiality.

The complaint sets forth six charges. The first five are of the same nature. In substance, it is alleged therein that the defendant, while acting as Mayor of Aguada, unlawfully, wilfully, and maliciously, purchased on three distinct occasions certain supplies for the municipal hospital charging the same to municipal funds, and that on two other occasions he ordered certain work for the municipality to be paid for out of its funds, without complying on any of such occasions with the legal requirements of a written order, showing the amount of the purchase or services, approval of the local director of charities in the first three cases, a certificate of the necessity of the expenditure and a certificate of sufficient credit by the municipal secretary-auditor, thus violating section 93 of the Penal Code; that charges were filed against him for such offenses in the Municipal Court of Aguada, and that he was found guilty in five separate judgments, a fine of $5 being imposed in each case which he paid, and that the judgments are now final.

The mayor in his answer limited himself to a denial that the acts with which he was charged were done wilfully, unlawfully, or maliciously, and alleged that he had done the same at the suggestion of the municipal secretary-auditor, who told him that he could give the verbal order since he had prepared the documents required by the law and the regulations, which he would submit to him for his signature in due time; that the defendant thereafter filed charges against said secretary-auditor, having become convinced of his deceit, and secured his removal.

Copies of the final judgments of the municipal court were presented in evidence and the mayor offered no evidence in connection with his alleged defense, or any explanation of his conduct. The first five charges were consequently proved.

The sixth and last charge which was made against the mayor was substantially that he had purchased supplies for the hospital, to be paid for out of municipal funds, in a certain mercantile establishment in which he was directly interested, pretending that the contract was made by another person.

In support of this charge documentary and oral evidence was introduced. We have studied the evidence carefully and in our opinion it shows the truth of the charge. Notwithstanding the strong efforts of counsel for appellant in his brief to discreit the probative value of the evidence and in any event its sufficiency, the impression which an independent reading thereof produces upon the conscience of the judge is lasting. It is convincing to the effect that the establishment in question belonged to the mayor, or at least that the mayor was directly interested therein.

Having reached the foregoing conclusions, let us now see if there was just cause for the removal.

The Municipal Law provides—section 29 above cited— that the mayor may be removed by the municipal assembly, by resolution adopted by a majority of the total membership, "for just cause . . . after said mayor has been granted a hearing and an opportunity to defend himself."

The mayor in this case had ample hearing and opportunity to defend himself. The proceedings show clearly that a trial was had, subject to all the guarantees required by law.

With respect to what is understood by just cause, quite a number of cases, all worthy of study, are cited in the briefs. The decisions upon the point are very abundant, and seem to be well summarized in 46 C. J. 986, as follows:

" 'Cause' which is sufficient to authorize a removal from office means legal cause. The cause must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public."

And in *Words & Phrases Judicially Defined*, vol. 2, page 1009, we find the following:

"A cause which is sufficient to authorize a removal from office of a city officer means legal cause, and not any cause which the council may think sufficient. The cause must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. A cause must be one attaching to the qualifications of the officer or his performance of its duties, showing that he is not a fit or proper person to hold the office."

Let us examine the concrete facts in this case in the light of the law and the decisions. The first five charges amount to violations which might perhaps be considered technical, but which it must be recognized involve provisions of law and regulations previously laid down and bearing a direct relation to the discharge of the office.

Such violations were judicially determined in the first instance. The mayor was charged with five misdemeanors, and five judgments of conviction were entered, to which defendant assented.

Perhaps the commission of one or two of such offenses, if the honesty of the officer had been clearly shown, would not have been sufficient cause for removal. But there are five involved, which indicates a complete disregard of the law and the regulations, a systematic violation of their provisions which, although they may occasionally create unusual difficulties, have been conceived and put into effect to protect the public interest, and must be complied with.

With respect to the sixth charge, we are no longer dealing with a failure to comply with some requirement of the law or the regulations, but with the commission of an

act prohibited by law, constituting an offense. Sec. 202 *et seq.* of the Political Code, taken in conjunction with sec. 86 of the Penal Code.

An intimation has been made that the situation of the municipal funds was so precarious that what the mayor did were acts beneficial to the inmates of the hospital and to the employees, to whom he gave the only opportunity which they had to receive anything at the time for their services.

Perhaps that may be true, but the procedure cannot be accepted, since it would tend to enthrone administrative immorality under the guise of kindness and expediency. When a crisis of such a nature arises, it ought to be vigorously and openly dealt with by laying bare immediately the whole truth of the situation, in order that the measures to cope with it be forthwith adopted, and not evaded by the adoption of indirect measures which tend to become epidemic instead of sporadic.

The Supreme Court has already been faced with a similar situation in the case of *People ex rel. Pérez* v. *Manescau,* 33 P.R.R. 703, 706, in which it was said:

"That the execution by a public officer of a contract expressly prohibited by law and clearly contrary to public policy constitutes a violation of an official duty sufficient to produce a forfeiture of the office, seems to be evident. This is not an unconscious or unimportant violation of the law. Inasmuch as recourse was had to simulation in order to elude the mandate of the law, the deliberate intention to infringe the law was manifest."

The accusation against Manescau consisted in his having rented a house belonging to him to the municipality of which he was a member of the assembly, after having pretended to transfer the house to another person.

In view of the foregoing, it appearing that this case involves facts bearing directly upon and involving the administration of the office of mayor, the last being of substantial nature, and the first five also of substantial nature

by reason of their repetition, all affecting public interest, the appeal must be dismissed, and the judgment appealed from be accordingly affirmed.